### BOLANOS v. ZUMETA.

(Supreme Court, Appellate Term. March 5, 1908.)

MONEY LENT—PLEADING—GENERAL DENIAL—EVIDENCE ADMISSIBLE UNDER.
In an action for money loaned, defendant could show under his general denial that the money was not advanced to him individually, but to a partnership composed of himself and plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Pio Bolanos against Cesare Zumeta. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Perry Allen, for appellant.

Olcott, Mestre & Gonzales (L. J. Morrison, of counsel), for respondent.

BISCHOFF, J. The evidence fails to support any cause of action against the defendant in accordance with the averments of the complaint, nor was any ground of liability, different from that pleaded, litigated by consent. The action was to recover $400 loaned by the plaintiff to the defendant. The proof showed that the money was procured by the plaintiff upon his indorsement of the defendant's note, which he caused to be discounted, that he deposited the amount in his bank and paid it over to meet certain expenses of a business, which, at the time, he and the defendant were conducting as partners. All the circumstances of the case, agreeably to the plaintiff's own letters, indicate that the transaction involved no loan or payment to the defendant individually, but was an incident merely to the partnership affairs. There was no loan, in form, to the defendant, and the evidence offered in his behalf that the loan was not made to him was admissible under the general denial, since no element of confession and avoidance was involved. The suggestion contained in the plaintiff's testimony that the defendant had promised to pay him this $400, and that it was not a partnership matter, would certainly appear to be contrary to the weight of the evidence, in view of the plaintiff's own writings, and, indeed, his very liability upon the note—the basis of his claim of a loan by him—has been assumed by a corporation which took over the partnership business.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.